Elliott KOLKER

v.

Saundra (Kolker) GELB and State of Tennessee.■

Court of Appeals of Tennessee, Western Section.

May 20, 1980.

Application for Permission to Appeal Denied by Supreme Court Sept. 2, 1980.

Ed M. Hurley, Memphis, for appellant.

John T. Wilkinson, Jr., Memphis, for Gelb.

Lee Breckenridge, Asst. Atty. Gen., Nashville, for State.

NEARN, Judge.

This matter is before us on the pleadings only and the Attorney General of the State has properly been made a party.

No one contests the appellant's statement of the case which is as follows:

"On May 14, 1973, a final decree of divorce was entered in favor of Sandra [sic] Kolker (Gelb), appellee here, and against the defendant, Elliott Kolker, Appellant here, awarding to the plaintiff alimony to be paid by periodic payments.

"Subsequently, a number of orders were entered, modifying the final decree as to amount.

"On March 29, 1979, the defendant filed his petition to terminate alimony in light of the Opinion of the Unites [sic] States Supreme Court in *Orr vs. Orr*, contending that an award of alimony when based on any Tennessee Statute or common law in effect on the date of the *Orr* Opinion was based on an unconstitutional Statute or the common law of the State of Tennessee and that alimony should be terminated.

"On May 25, 1979, the trial judge, the Hon. Allan [sic] E. Highers, Judge of Division 1 of the Circuit Court of Shelby County, Tennessee, after hearing oral argument in open Court, handed down the opinion of the Court denying defendants petition to terminate based on 1) delay and failure to timely raise the constitutional question and 2) the effect of the 1979 Amendment to TCA 36–820.

"On June 20, 1979, the Trial Court entered its order denying appellant's petition to terminate and it is from this order that the defendant appeals."

Counsel for appellant submits the following as issues for review:

"(1) The constitutionality of TCA 36–820, 821 and 822 and any common law requiring a man to pay alimony and not a female as being in violation of the Fourteenth Amendment to the Unites [sic] States Constitution, 'Equal Protection Clause', and Article 1, Section 8 of the Tennessee Constitution.

"(2) Whether the defendant waived his constitutional right to object by not timely filing an objection based on constitutional grounds, as the Trial Judge so held.

"(3) Whether the 1979 Amendment to TCA 36–820 is retrospective or only prospective."

The Attorney General succinctly summarizes those three issues as one issue, viz.:

"Did the trial court correctly hold that the plaintiff was barred from raising a constitutional challenge to the alimony decree entered previously in divorce proceedings?"

If there was any doubt as to whether the Tennessee statutes regarding alimony, T.C.A. § 36–820 through 36 824, as they existed prior to the 1979, were violative of the United States Constitution in light of *Orr v. Orr* (1979) 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306, it has been put to rest by the decision of the Tennessee Supreme Court in the case of *Mitchell v. Mitchell* (1980 Tenn.) 594 S.W.2d 699. In that case the Tennessee Supreme Court declared those statutes as they existed prior to the 1979 Amendment to be in contravention of Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution as well as

the Equal Protection Clause of the United States Constitution.

This Court in other as yet unreported opinions had held that the doctrine of *res judicata* bars the retroactive application of *Orr v. Orr*, supra, to T.C.A. § 36–820. See *Kellum v. Kellum*, 597 S.W.2d 907 (Tenn. App., 1980) (Application to appeal denied); *Long v. Long* (Tenn.App., W.S. January 3, 1980); *Twitchell v. Twitchell* (Tenn.App., W.S. December 20, 1979).

In his argument to the court, counsel for appellant insisted that Elliott Kolker is paying *in futuro* alimony by virtue of an unconstitutional statute. Thus, he contends that every payment since *Orr* has been made on the basis of an unconstitutional statute and that even though a nonretroactive application of *Orr* could prevent him from questioning alimony payments made prior to *Orr*, he cannot be said to have waived constitutional infirmities of the statute as applied to each payment as it comes due after *Orr*. Therefore he asserts the doctrine of *res judicata* has no application in this case.

Counsel's major premise is deficient. Mr. Kolker is not making payments under any statute, constitutional or otherwise. He is making his payments by virtue of a Court decree from which no appeal was taken. It makes no difference whether that decree was based upon good law or upon bad law. If no appeal was taken therefrom, it may not now be attacked because of some defect in the proceedings. That is what the doctrine of *res judicata* is all about. See *American National Bank & Trust v. Clark* (1979 Tenn.) 586 S.W.2d 825; *Hicks v. Hicks* (1943 M.S.) 26 Tenn.App. 641, 176 S.W.2d 371, 375. See also *Orr v. Orr*, supra, 99 S.Ct. at 1109 n. 4; *Capri Adult Cinema v. State* (1976 Tenn.) 537 S.W.2d 896, 899–900. The alimony decree is final and may not now be the subject of a six year delayed appeal.

The third issue raised by counsel for appellant is moot.

The result is the judgment below is affirmed. Costs are adjudged against appellant.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

SUMMERS and EWELL, JJ., concur.