(No. 81791.—

*In re* MARRIAGE OF VICKY O. MITCHELL, Appellant, and STEPHEN G. MITCHELL, Appellee.

*Opinion filed February 20, 1998.*

David M. Mattenson and Stuart Gordon, of Kanter & Mattenson, Ltd., of Chicago, for appellant.

Paul R. Jenen, of Wheeling, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Stephen G. Mitchell filed a petition for modification of visitation rights with his children. Vicky O. Mitchell then filed a petition for rule to show cause in the circuit court of Lake County against Stephen, contending that Stephen violated the child support provision of the

settlement agreement incorporated into an earlier judgment dissolving their marriage. The circuit court held that the percentage portion of the child support provision was void and unenforceable under section 505(a)(5) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a)(5) (West 1994)). On appeal, the appellate court affirmed, holding that the plain language of section 505(a)(5) requires that child support orders state the amount of the child support in a specific dollar amount. No. 2—95—1594 (unpublished order under Supreme Court Rule 23). We granted leave to appeal (155 Ill. 2d R. 315) and now reverse the judgment of the appellate court and remand the cause to the trial court.

## I. BACKGROUND

Vicky and Stephen were married in 1979. During their marriage, the couple gave birth to two children. On January 4, 1989, the trial court entered a judgment for dissolution of marriage. The couple also entered into an agreement specifying child support levels. This agreement was incorporated into the divorce judgment. As part of the agreement, Stephen agreed to pay $450 per month in child support. This amount represented 25% of Stephen's net income. The agreement stated that, after April 30, 1989, Stephen would pay Vicky a sum equal to 25% of his net income. A redetermination of this amount would be made each year on May 1. In no event would the child support exceed $1,000 per month or be less than $450 per month.

Stephen initiated this litigation by filing a petition for modification of visitation rights on December 16, 1994. On January 19, 1995, Vicky filed a petition for rule to show cause, claiming that Stephen had failed to comply with the 25% child support provision. Vicky claimed that in calculating his net income Stephen incorrectly included noncash losses of depreciation and failed to include income from dividends, interest, and stock and property sales.

Stephen filed a motion to strike Vicky's petition, claiming that the petition lacked specificity as to the exact arrearage due. The trial court granted Vicky leave to file an amended petition. On March 2, 1995, Vicky filed an amended petition specifying the exact arrearage due. The case was set for trial.

During a pretrial conference on August 10, 1995, the trial judge, *sua sponte*, determined that precedent from the Appellate Court, Second District, rendered the percentage provision in the agreement void and unenforceable. On August 11, the trial judge allowed brief argument concerning the validity of the percentage provision. He then entered an order finding the child support order void except for the minimum $450 provision and dismissing Vicky's amended petition. Asserting that neither party then resided in the Second District, Vicky filed a motion to vacate the August 11 order due to improper venue. On August 25, the trial judge found that Vicky failed to raise venue in a timely fashion.

Vicky appealed the August 11 and August 25 decisions of the trial judge. On appeal, Vicky asserted that the trial judge erred in (1) denying her request for a change of venue; and (2) finding the 25% provision of the agreement void and unenforceable.

The appellate court affirmed the judgment of the trial court. No. 2—95—1594 (unpublished order under Supreme Court Rule 23). In affirming, the appellate court followed section 512(d) of the Act and found that venue was waived because it was not initially contested in Vicky's answer. 750 ILCS 5/512(d) (West 1994). That issue has not been appealed to this court. Further, the appellate court believed that the plain language of section 505(a)(5) of the Act mandated that child support provisions in final orders be stated in specific dollar amounts. Section 505(a)(5) states that "[t]he final order [for child support] in all cases shall state the support

level in dollar amounts." 750 ILCS 5/505(a)(5) (West 1994). Believing that entry of an order expressing child support as a percentage of income was beyond the court's authority, the appellate court found the percentage order void and unenforceable and affirmed the trial court.

## II. ANALYSIS

In construing section 505(a)(5), we must ascertain and give effect to the intent of the legislature. *Varelis v. Northwestern Memorial Hospital*, 167 Ill. 2d 449, 454 (1995). Courts should first look to the language of the statute to determine the intent of the drafters. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). When the statutory language is clear, no resort is necessary to other aids of construction. *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 541 (1990). We must first determine in this case whether section 505(a)(5) of the Act mandates that child support payments must be stated entirely as a specific dollar amount or whether these payments may be expressed partly as a percentage of net income, as was done in this case.

As we have noted, section 505(a)(5) provides that "[t]he final order [for child support] in all cases shall state the support level in dollar amounts." 750 ILCS 5/505(a)(5) (West 1994). We believe that the plain language of the statute requires that the final order state the support level solely in dollar amounts. The legislature used the mandatory word "shall" to provide that in "all cases" child support "shall" be stated in dollar amounts and made no reference to the inclusion of payments as a percentage. To allow settlement agreements to be expressed in part as a percentage, as was done here, would require us to read into the statute payment options that the legislature did not include.

Although our decision is based on the plain language of the statute, we note that our interpretation of the

provision is also consistent with its legislative history. During debate on section 505(a)(5), which was amended to its current form in 1985, Representative Olson stated: "Final orders shall be in a dollar amount. This [is] intended to help the clerk responsible for collecting payments not to be dealing in percentages and specific dollar amounts." 84th Ill. Gen. Assem., House Proceedings, May 20, 1985, at 35 (statements of Representative Olson). We believe that the plain language and the legislative history of the statute thus preclude child support orders from expressing child support payments as a percentage of net income.

Having determined that section 505(a)(5) does not allow child support orders to express payments as a percentage of income, we must next determine whether judgments entered after the passage of section 505(a)(5) containing such orders are void or voidable. The question whether a judgment is void or voidable depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter. See *People v. Davis*, 156 Ill. 2d 149, 155 (1993). If jurisdiction is lacking, any subsequent judgment of the court is rendered void and may be attacked collaterally. *Davis*, 156 Ill. 2d at 155. "Judgments entered in a civil proceeding may be collaterally attacked as void, only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties." *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 112 (1979). A voidable judgment, however, is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. *Davis*, 156 Ill. 2d at 155-56. Once a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983); see 49 C.J.S.

*Judgments* § 18(a) (1997). "Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *Davis*, 156 Ill. 2d at 156.

Here, the trial court had jurisdiction over the parties and over the dissolution proceeding in general. Further, the court had jurisdiction over the award of child support. In exercising this jurisdiction, however, the trial court judge entered a judgment that was contrary to the statute. We find that the trial court's original judgment of dissolution allowing child support paid by Stephen to be expressed as a percentage of net income with fixed dollar limitations was an erroneous judgment. The error in the judgment, however, is not enough to divest the court of jurisdiction to enter the order. The judge had jurisdiction of the parties and the subject matter, and, although the judgment was erroneous, the judge had authority to enter the child support order.

We reverse the decision of the appellate court finding the percentage portion of the child support order void. The original dissolution judgment of the trial court awarding child support to be paid as a percentage of net income with fixed dollar limitations is voidable, not void, and is not subject to collateral attack. *Davis*, 156 Ill. 2d at 155-56. Thus, the trial court is therefore directed to reinstate the original child support order.

We note that our result in this case is consistent with the trend of modern authority on the closely related question of defects in subject matter jurisdiction. The contemporary view in that area, as exemplified by the Restatement (Second) of Judgments, is to prefer finality of an earlier judgment over alleged defects in its validity. Restatement (Second) of Judgments § 12, Reporter's Note, at 125 (1982); see also G. Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems*, 66 Cornell L. Rev.

564, 586-91 (1981). Regarding the *res judicata* effect of a judgment on an alleged defect in the subject matter jurisdiction of the court rendering the judgment, section 12 of the Restatement (Second) of Judgments provides:

"When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:

(1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was manifest abuse of authority; or

(2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or

(3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction." Restatement (Second) of Judgments § 12 (1982).

If these criteria were applied to the present case, one would readily conclude that the order challenged here is not subject to collateral attack, and hence is voidable rather than void. First, the trial court had the authority to enter an order for support; the court simply erred in the manner in which the amount was to be calculated, using a percentage of income rather than a fixed dollar amount. Thus, the order entered by the court does not appear to be a manifest abuse of its authority or an indication that the court exceeded its inherent authority. The trial court's earlier judgment does not implicate the authority of another tribunal or government agency, nor was it rendered by a court lacking the capability to consider its own jurisdiction. Thus, even if the defect in the present order could be characterized as pertaining to subject matter jurisdiction, the Restatement would preclude collateral attack on the order.

Adoption of the view expressed in the Restatement would, of course, require us to reexamine the analysis offered by cases such as *In re Estate of Steinfeld*, 158 Ill. 2d 1 (1994). Expressing the traditional view regarding defects in jurisdiction, *Steinfeld* stated, "A void order or judgment is one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved. [Citations.] A void order may be attacked, either directly or collaterally, at any time." *Steinfeld*, 158 Ill. 2d at 12. The parties do not ask us to adopt the rule expressed in the Restatement, however, and therefore we need not decide in this case whether to take that step. It is enough to conclude here that the present order was voidable and not void under either our traditional mode of analysis or the view expressed in the Restatement. In this case, the parties had the opportunity to fully litigate this question when the support order was entered, and they had as well the opportunity to bargain for, and benefit from, the terms of the settlement agreement. Moreover, numerous other support orders could be subject to collateral attack if the present decree were found void. These considerations, as well as the others cited above, lead us to conclude that the trial court's order is not subject to collateral attack.

Stephen also raises here his claims that Vicky's "Amended Petition For Rule To Show Cause" did not state a cause of action and that Vicky is seeking an order from the court that would improperly modify child support retroactively. Vicky further argues that she is entitled to arrears for insufficient payments by Stephen in the past and that the child support payments can exceed the $1,000 maximum provided for in the original child support order. Because the trial court found the original child support order void, the trial court did not address these issues. We therefore remand this cause to

the circuit court for further proceedings consistent with this opinion.

## III. CONCLUSION

For the foregoing reasons, we find that section 505(a)(5) of the Act mandates that child support payments be expressed solely as a fixed dollar amount. Further, we find that the portion of the trial court's judgment which expressed child support payments as a percentage of appellee's net income was erroneous but that it did not affect the court's jurisdiction of the parties and the subject matter. Thus, the judgment is voidable, but not void, and is subject only to direct attack. We therefore reverse the judgments of the appellate court and the trial court and remand the cause to the trial court for disposition of all remaining issues.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*