IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## DENISE B. FRAZIER v. ROBERT G. FRAZIER

**Direct Appeal from the Chancery Court for Knox County**
**No. 136528-3     Hon. Sharon Bell, Chancellor**

FILED OCTOBER 15, 2001

No. E2000-02929-COA-R3-CV

Appellant asked the Court to void portions of the marital settlement agreement incorporated in the parties' Divorce Decree in the State of Illinois. The Trial Court refused and granted appellee summary judgment. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Judy Pinkston McCarthy and Dennis McCarthy, Knoxville, Tennessee, for Appellant, Denise B. Frazier.

Wanda G. Sobieski, Diane M. Messer and Nanette J. Landen, Knoxville, Tennessee, for Appellee, Robert G. Frazier.

**OPINION**

This action is essentially a collateral attack on a divorce decree and marital settlement agreement, seeking to void certain provisions in the marital settlement agreement incorporated in the divorce decree.

The parties were divorced in Illinois in June of 1995. The marital settlement agreement was approved by the Court, and provided for a division of marital property, spousal support and maintenance, child support and visitation for two minor children. No choice of law

provision or severability clause was contained in the document.

When the settlement was negotiated, the parties were aware that the husband had the opportunity for stock option plans offered by his employer. In the final decree, one provisions stated that for purposes of calculating husband's maintenance payments to wife, his stock options would be included in determining his gross income. However, the provision for child support payments required that the husband would pay $1,164.00 per month, based upon his income of $8,750.00 per month, plus 25% of his other net income. The agreement stated: "For calculating this additional 25%, net income shall not include investment income from his Schwab One account or the like, reimbursed business expenses, use of a company automobile, sale of options including options for stock in Greg's past, future, or present employer, and interest on bank accounts." The provision further stated that in the event 25% of the husband's net income exceeds $50,000.00 per year, he shall only be required to pay $4,166.00 per month, for a maximum of $50,000.00 per calendar year.

Final judgment was entered reciting that "said agreement was entered into freely and voluntarily between the parties hereto, it is not unconscionable and it receives the approval of the Court and is incorporated and made a part hereof."

Later, both parties relocated to Tennessee and the Illinois judgment was domesticated in Knox County, Tennessee, on December 11, 1998 at the instance of the wife.

This action was instituted in September 1999, challenging that portion of the marriage settlement agreement pertaining to the definition of husband's net income for purposes of calculating child support payment. Specifically, her cause of action asks the Court to find that excluding husband's stock options from the calculation for child support payments and capping the total payment at a maximum of $50,000.00 per year, is void.

The husband moved for summary judgment, asserting the wife's claim was barred by *res judicata* and that she was judicially estopped from challenging the terms of the judgment which she previously relied on in both Illinois and Tennessee courts. Summary judgment was granted and this appeal ensued.

Judgments obtained in sister states are valid and enforceable when properly domesticated in the courts of this State. The domesticated judgment has the same legal effect as one originating in Tennessee, and is governed by the same law regarding finality of judgments, subject to collateral attack for grounds set forth in Tenn. R. Civ. P., Rule 60.02, assuming the original judgment is valid. *See* Tenn. Code Ann. §26-6-104(c). The final judgments of sister states are presumed conclusive and valid. A party seeking to undermine the validity of a foreign judgment carries "a stern and heavy burden" to show that it should be denied the full faith and credit afforded by Article 4, Section 1 of the United States Constitution. Two limited exceptions to the full faith and credit principle are where it can be shown that the rendering court lacked personal or subject matter jurisdiction. *Biogen Distrib., Inc., v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992). However, factual inquiries into other underlying legal issues adjudicated by a foreign court are

improper. *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983). *Also see, Williams v. North Carolina*, 325 U.S. 226, 232 (1945) (divorce decrees of foreign state are conclusive adjudication of all issues except jurisdictional facts, such as domicile).

To mount a successful collateral attack upon the final decree of divorce entered in Illinois, it must be shown that Illinois lacked jurisdiction, as determined by Illinois law. *Four Seasons Gardening & Landscaping, Inc., v. Crouch*, 688 S.W.2d 439, 432 (Tenn. App. 1984). Conversely, if Illinois determined that it had jurisdiction over the issue, then Tennessee must respect that finding. *Id.*

*"Res judicata* is an absolute bar to a subsequent suit between the same parties on the same cause of action, and it concludes such parties not only as to all matters that were actually put at issue and determined, but also all matters which might have been put at issue and determined." *Coastcom, Inc., v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998).

Full faith and credit principles mandate that *res judicata* be applied in the forum state to the full extent that they applied in the rendering state, including questions of subject matter jurisdiction. *Durfee v. Duke*, 375 U.S. 106, 111 (1963). The wife's position that she did not actually litigate the jurisdictional issue in the Illinois divorce is untenable. Illinois has cited with approval the Restatement (Second) of Judgments §12, at 120, that even if subject matter jurisdiction has not been raised and determined, a final judgment should "ordinarily be treated as wholly valid if the controversy has been litigated in any other respect, pursuant to the doctrine of claim preclusion." *See, In Re: Marriage of Fields*, 681 N.E.2d 166, 172 (Ill. Ct. App. 1997).

Under Illinois law, the Illinois courts have determined that jurisdictional questions need be addressed by a particular type or class of cases, not necessarily by a specific litigant. "Jurisdiction of the subject matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs." *People v. Western Tire Auto Stores, Inc.*, 207 N.E.2d 474, 476 (Ill. 1965). The Court applied this rule in a divorce case wherein the trial court did not adhere to a statutory mandate requiring bifurcation of contested cases. Respondent argued that this error deprived the court of subject matter jurisdiction, but the Court of Appeals disagreed:

> Where the subject matter of the litigation is within the general jurisdiction of the trial court, the claim of want of jurisdiction by reason of the existence of irregularities, or exceptional or special circumstances, or because the court had no jurisdiction to render the particular judgment or order cannot be made for the first time on appeal.

*In Re: Marriage of Jerome*, 625 N.E.2d 1195, 1206 (Ill. Ct. App. 1995). *Accord: In Re: Marriage of Fields*, 681 N.E.2d 166 (Ill. Ct. App. 1997).

The Illinois Supreme Court discussed the legal distinction between a void versus voidable judgment in *In re: Marriage of Mitchell*, 692 N.E.2d 281 (1998). In *Mitchell*, a litigant

challenged a child support order, contending that the lower court lost its jurisdiction because its order expressed the child support award in terms of a percentage of income, rather than an exact dollar amount as required by the applicable statute. The Supreme Court agreed that this was error by the trial court, but held that "[o]nce a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law." *Id.* at 284. The *Mitchell* court acknowledged that a judgment may be attacked collaterally as void if there is a total lack of jurisdiction, but since subject matter jurisdiction existed as to the dissolution proceedings, the child support determination, although erroneous, was merely voidable, not void. *Id.* at 283-284. To hold otherwise, the Court reasoned, would open a floodgate of litigation on final decrees.

Tennessee law is in accord with *Mitchell. Res judicata* will protect the sanctity of a final judgment, whether "the Decree was based upon good law or upon bad law. If no appeal was taken therefrom, it may not now be attacked because of some defect in the proceedings. That is what the doctrine of *res judicata* is all about." *Kolker v. Gelb*, 600 S.W.2d 728, 730 (Tenn. Ct. App. 1980). *Accord: Spruce v. Spruce,* 2 S.W.3d 192 (Tenn. Ct. App. 1998).

Assuming *arguendo*,[1] that in the present case the Court erred by failing to make the written findings for its deviation from the statutory child support guidelines, by permitting husband's stock options to be excluded from his income calculation, or by capping the total amount at $50,000.00, these defects cannot be considered as revoking the Court's jurisdiction. This is a mere failure of procedural fidelity, at most an erroneous ruling. The wife's position is contrary to the strong policy favoring the finality of judgments, even those made in error, once the time for direct appeal is passed.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to Denise B. Frazier.

_____
HERSCHEL PICKENS FRANKS, J.

---

[1]We are of the opinion that the marriage settlement agreement approved by the Illinois Court under Illinois was valid as between the parties. *See Slagel v. Wessels*, 732 N.E.2d 720 (Ill. Ct. App. 2000); *In re: Marriage of Freesen*, 655 N.E.2d 1144 (Ill. Ct. App. 1995); *Illinois Dept. of Public Aid v. Flight*, 675 N.E.2d 985 (Ill. Ct. App. 1997); *Gay v. Dunlap*, 664 N.E.2d 88 (Ill. Ct. App. 1995); *In re: Marriage of Pihaly*, 627 N.E.2d 1297 (Ill. Ct. App. 1994); *In re: Marriage of Stegbauer*, 404 N.E.2d 1140 (Ill. Ct. App. 1980); *In re: Marriage of McBride*, 519 N.E.2d 1095 (Ill. Ct. App. 1988); and *In re: Marriage of Miller*, 595 N.E.2d 1349, 1351 (Ill. Ct. App. 1992).