GRACE JEANNE GILE, Plaintiff, v. WILLIAM BUTLER GILE, SR., Defendant (Grace Jeanne Gile, Petitioner-Appellant, v. Don Prosser, Ex'r of the Estate of William Butler Gile, Sr., Respondent-Appellee).

Fifth District   No. 5—01—0209

Opinion filed September 11, 2002.

Douglas N. Dorris, of Howerton, Dorris & Stone, of Marion, for appellant.

Gerald S. Reed, of Reed, Heller, Mansfield & Gross, of Murphysboro, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Grace Jeanne Gile (petitioner) filed a petition in the circuit court of Williamson County on June 14, 2000, asking the court to declare that a 1963 decree dissolving the marriage of petitioner and William Butler Gile, Sr., was void because it was not signed by the presiding judge and because it contained no provision for child support. The petition alternatively asked the court to enter an order requiring William's estate to pay child support and establishing the amount of support due and owing with interest. The action was instituted after William's death. The executor of William's estate filed a motion for an involuntary dismissal, and the trial court granted the motion and dismissed the petition on the ground that the court lacked jurisdiction because the complaint had not been commenced within the time allowed by law. Petitioner has appealed.

For the purposes of the motion, the following facts are not in dispute. Petitioner and William were married on June 17, 1950. The parties were divorced in November 1955 in Williamson County, Illinois. One child, Grayson Eugene Gile, was born to the couple during the marriage. Petitioner and William remarried on August 29, 1962. On October 24, 1963, petitioner filed and personally presented her petition for the dissolution of the second marriage in the circuit court of Williamson County. William did not appear personally. He filed a written entry of appearance, a waiver of service, and a consent to an immediate hearing and a default. A decree, file-stamped October 24, 1963, states that the divorce was granted and that petitioner was awarded the care, custody, and control of the minor child, then five years old. The decree is unsigned and neither party was able to produce a decree containing the signature of the judge who presided over the divorce. A certified copy of the official registry of the Williamson County circuit court recites the decree, almost verbatim, and indicates that the court approved and entered the decree on October 24, 1963, and that the clerk of the court filed the decree in the record on October 30, 1963.

Neither party remarried. On April 18, 1999, William passed away. An estate was opened and William's will was admitted to probate in Jackson County, Illinois. The executor of the estate notified Grayson that an estate had been opened and that he was a beneficiary under his father's will. In his will, William left $1,000 to Grayson and nothing to petitioner.

Petitioner filed an action in the probate division of the Jackson County circuit court. She sought to renounce the will on the grounds that the 1963 divorce decree was void because it was not signed by a judge and it did not provide for child support. The probate judge determined that the validity of the decree should be resolved in the county where the divorce petition was filed. Petitioner then filed an action in the circuit court of Williamson County. The petition alleged that the 1963 divorce decree is a void decree because it was not signed by the presiding judge and because it contained no provision for child support. Petitioner sought an order declaring that the 1963 decree is void and that the parties were never divorced. In the alternative, petitioner sought an order *nunc pro tunc* that required the payment of child support and that established the amount of support due and owing with interest. The trial court determined that it lacked jurisdiction because the complaint was not commenced within the time allowed by law, and it dismissed the petition.

■ On appeal, petitioner contends that the trial court erred in granting the estate's motion for an involuntary dismissal. Before

considering whether petitioner's action was timely filed, we must determine whether the decree is void. A void order may be attacked, either directly or collaterally, at any time. *In re Estate of Steinfeld*, 158 Ill. 2d 1, 12, 630 N.E.2d 801, 806 (1994). A void order or judgment is one entered by a court without jurisdiction of the subject matter or the parties or by a court that lacks the inherent power to make or enter the order involved. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 177, 692 N.E.2d 281, 285 (1998); *In re Estate of Steinfeld*, 158 Ill. 2d at 12, 630 N.E.2d at 806. In contrast, a voidable order or judgment is one entered erroneously by the court having jurisdiction and is not subject to collateral attack. *In re Marriage of Mitchell*, 181 Ill. 2d at 174, 692 N.E.2d at 284. Once a court acquires jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law, and a court will not lose jurisdiction merely because it makes a mistake in determining the facts, the law, or both. *In re Marriage of Mitchell*, 181 Ill. 2d at 174-75, 692 N.E.2d at 284.

In this case, petitioner has not claimed that the decree is void because the court lacked jurisdiction over the parties or the subject matter. Petitioner initially contends that the decree is void because there is no evidence that it was signed by the judge. However, aside from references to Illinois Supreme Court Rule 272 (137 Ill. 2d R. 272), petitioner has cited no authority to support her claim that a judicial signature is required to establish the validity of a decree or judgment.

■ At the outset, we note that Supreme Court Rule 272 went into effect on January 1, 1967. 36 Ill. 2d R. 272. The decree at issue was entered in 1963, several years before Rule 272 was conceived. Prior to the adoption of Rule 272, an oral pronouncement of the court's decision, made in open court, or a written pronouncement of the court's decision, approved by the judge and filed with the clerk of the court, constituted the entry of the judgment in a case at law, and a written decision, approved by the chancellor and filed for the record, constituted the entry of the judgment in a case in equity. *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131, 135-37, 161 N.E.2d 20, 23-24 (1959). It is the entry of the judgment or decree on the record that gives it validity. *Horn v. Horn*, 234 Ill. 268, 274, 84 N.E. 904, 906 (1908) ("It is not necessary that the decree should be signed by the chancellor, but its entry on the record by the clerk gives it validity"); *Dunning v. Dunning*, 37 Ill. 306, 316 (1865) ("there is no law with which we are familiar, requiring the presiding judge of a Circuit Court to sign a decree which he directs the clerk to enter"). A decree was not valid and effective unless it was signed or approved by the chancel-

lor or court and entered on the record. See *Jackman v. North*, 398 Ill. 90, 105-06, 75 N.E.2d 324, 332 (1947); *McKeon v. McKeon*, 4 Ill. App. 2d 515, 524, 124 N.E.2d 564, 569 (1955). Although Rule 272 is not applicable in this case, we note that its adoption did not abrogate this principle. In fact, Rule 272 recognizes that a final judgment may be entered without the signature of the judge. 137 Ill. 2d R. 272; *Robertson v. Robertson*, 123 Ill. App. 3d 323, 326, 462 N.E.2d 712, 714 (1984).

■ In this case, the parties produced an unsigned, file-stamped decree and a certified copy of the official registry of the Williamson County circuit court. The decree, file-stamped October 24, 1963, granted the divorce and awarded the care, custody, and control of the minor child to petitioner. The court registry documents the appearances of petitioner and her counsel and sets out the court's findings and judgment. It indicates that the court approved and entered the decree on October 24, 1963, and that the clerk of the court filed the decree in the record on October 30, 1963. There is sufficient evidence in this record to show that the 1963 decree was a written pronouncement, approved by the presiding judge and entered into the official court registry by the clerk as directed by the circuit court. Thus, it is a judgment of record and is valid. See *Fagerholm*, 17 Ill. 2d at 137-38, 161 N.E.2d at 23-24; *Scott v. Dreis & Krump Manufacturing Co.*, 26 Ill. App. 3d 971, 982-84, 326 N.E.2d 74, 81-82 (1975). That the divorce decree was not signed by the presiding judge or, alternatively, that a signed copy of the decree cannot be located does not render the decree invalid.

■ Petitioner also contends that the decree is void because the trial court lacked authority to enter the judgment in the absence of some provision for child support. Petitioner argues that the failure to provide for child support in the divorce decree violated Illinois public policy.

The divorce decree at issue was entered in 1963. At that time, the Divorce Act governed dissolution actions. Ill. Rev. Stat. 1963, ch. 40, par. 1 *et seq.* The Marriage and Dissolution of Marriage Act was not enacted until 1977. Ill. Ann. Stat., ch. 40, Historical & Practice Notes, at XIX (Smith-Hurd 1980). According to the Divorce Act, decisions regarding whether child support should be awarded and what sums to award were left to the discretion of the trial court. Ill. Rev. Stat. 1963, ch. 40, par. 19. Section 19 of the Divorce Act provided in pertinent part as follows:

> "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody[,] and support of the children, or any of them as, from the circumstances of the parties and the nature of the case,

shall be fit, reasonable[,] and just. *** Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable[,] and just ***. *** The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody[,] and support of the children, as shall appear reasonable and proper." Ill. Rev. Stat. 1963, ch. 40, par. 19.

In this statute, the legislature specifically stated that the court "may make such order" regarding child support and alimony as shall be fit, reasonable, and just. Legislative use of the word "may" is generally regarded as indicating a permissive or directory reading, while use of the word "shall" is generally considered to express a mandatory reading. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997). A plain reading of this statute indicates that the legislature left the issue of child support to the discretion of the trial court. The legislature did not require the courts to address the issue of child support at the time the divorce was granted. The plain language of this statute does not indicate a legislative policy or preference that the child support issue be resolved at the time the divorce was granted. The fact that the legislature granted the court discretion on the child support issue negates petitioner's public policy argument, and petitioner has provided no other authority to support her public policy argument.

In this case, petitioner has not shown that the court lacked the inherent power to enter the divorce decree in the absence of a child support provision or that the decree violated the public policy of that time. Though the law has since changed, at the time the subject decree was entered, the court had authority to enter the divorce decree without addressing child support issues. Therefore, we find that the 1963 decree is a valid judgment.

Even if a portion of the decree were found to be void for failing to address child support, that would not render the entire decree void. "Where parts of a decree are clearly separable, only that part which is in excess of the authority granted to the court is void; and the remainder is valid." *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill. App. 2d 320, 335, 227 N.E.2d 562, 570 (1967) (and cases cited therein). Here, the provision of the decree dissolving the parties' marriage was clearly within the jurisdiction of the court

and was easily and naturally separable from the provisions regarding child custody. Thus, the order dissolving the parties' marriage is a valid order.

In her brief and again during oral argument, petitioner stated that she did not file this action in order to collect child support from the estate. Petitioner candidly stated that the purpose of her petition is to provide her with a status to renounce William's will and to make a claim for one-third of William's estate. Given that position, we need not specifically address whether the prayer for a reimbursement for child support is barred by the statute of limitations or *laches*.

The 1963 decree granted the care, custody, and control of the minor child to petitioner. There is no evidence that petitioner moved for child support during the child's minority. There is no evidence that petitioner appealed from the decree or sought relief from the judgment within the applicable time periods. The 1963 decree is a valid judgment. The current action constitutes a collateral attack on that judgment. The circuit court correctly concluded that it did not have jurisdiction and that the action was not filed within the time allowed by law.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GOLDENHERSH and WELCH, JJ., concur.