IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 17, 2005 Session

## MARIAN L. CRULL v. DONALD R. CRULL

**Appeal from the Chancery Court for Knox County**
**No. 95844-3     Sharon Bell, Chancellor**

---

**No. E2005-01430-COA-R3-CV  - FILED MARCH 27, 2006**

---

This declaratory judgment action was filed by Donald R. Crull ("Husband") on November 4, 2003. It seeks primarily a declaration as to the rights of Husband's former spouse, Marian L. Crull ("Wife"), in and to Husband's United States Department of Agriculture ("USDA") retirement benefits, a subject addressed in the parties' judgment of divorce entered in the trial court some 14 years and 3 months earlier, *i.e.*, on July 11, 1989. In addition, Husband's complaint seeks to terminate his alimony obligation effective when he retires at some unspecified time in the future. The trial court – interpreting the language of the judgment of divorce – held that the language mandates that Wife is entitled, without limitation, to one-half of Husband's retirement benefits. The court, in its judgment, did not grant or deny Husband's request for termination of his alimony obligation; but, in the incorporated memorandum opinion, the court did opine that Husband's retirement, when it happens, would constitute a change in circumstances. Husband appeals, arguing that Wife's entitlement with respect to the retirement benefits should be limited to a share of the benefits that accrued *before* the divorce. Wife, by way of a separate issue, contends that the trial court erred in stating that a retirement, which has not yet occurred, would constitute a change in circumstances when it takes place. We vacate this latter observation by the trial court but otherwise affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part; Vacated in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

L. Caesar Stair, III, and Margo J. Maxwell, Knoxville, Tennessee, for the appellant, Donald R. Crull.

Scarlett Beaty Latham, Albany, Kentucky, for the appellee, Marian L. Crull.

**OPINION**

I.

The parties were married in 1966.  As previously noted, they were divorced in 1989.  As pertinent to the issues on this appeal, the parties' judgment of divorce provides as follows:

> ALIMONY:  The Husband shall pay to the Wife, as and for her support, the sum of $800.00 each and every month until the death or remarriage of the Wife.
>
>     \*    \*    \*
>
> USDA[1] PENSION PLAN:
> 1.  <u>Husband's Annuity Benefits</u>
> The Wife shall be entitled to fifty percent of the Husband's U.S.D.A. Annuity Plan, which shall be paid to the Wife at the time the Husband retires from his employment or otherwise becomes eligible for annuity.
>
> Since the Husband has been employed by the USDA for over 18 months and the parties have been married over 9 months, the Wife qualifies as a "former spouse" who is entitled to share in the Husband's government annuity with the USDA.  5 U.S.C., Sections 8331(23), 8341, 8345 (Spouse Equity Act).  As part of the division of the marital property, the Wife shall be entitled to 50% of the Husband's USDA Annuity, which portion will be payable to Wife on the first date that the Husband retires from government service or otherwise becomes eligible for annuity payments.[2]
>
>     \*    \*    \*

(Capitalization and underlining in original; paragraph numbering in original omitted).

Husband was first employed by the USDA in May, 1966.  He is still employed there.  He currently occupies the position of Southeast Regional Manager.

---

[1]While some of the references to the "USDA" in the record and the parties' briefs are reflected as "U.S.D.A.," for ease of reference, we have dropped the periods separating the capital letters.

[2]This second paragraph is apparently nothing more than a detailed statement of Wife's entitlement as set forth in the first paragraph.  The court assumes, but does not know for sure, that the second paragraph contains language required by federal law to effectuate the court-ordered division.

The judgment of divorce was entered on July 11, 1989. It was not appealed from, and, with the passage of time, became final.

## II.

Husband's present complaint was filed on November 4, 2003. It seeks essentially two forms of relief: first, a declaration that Wife's entitlement is limited to one-half of Husband's USDA annuity plan "as of the date of the divorce, July 11, 1989, or 50% times a fraction, the numerator of which is the number of years that the parties were married and the denominator of which is the total number of years that the Defendant was employed by USDA;" and second, a termination of Husband's alimony obligation. The thrust of Husband's petition pertaining to the annuity plan is set forth in paragraphs 3 and 4 of his complaint:

> Husband avers that an issue has arisen as to the proper construction of paragraph 9 of the Final Judgment for Divorce, and he seeks a declaratory judgment from the Court declaring that pursuant to paragraph 9 of the Final Judgment for Divorce Plaintiff is entitled to 50% of his USDA Annuity Plan as of the date of the divorce or 50% times a fraction, the numerator of which is the number of years that the parties were married and the denominator of which is the total number of years that the Defendant was employed by USDA.
>
> Defendant is in the process of retiring and avers that unless the Court issues the declaratory judgment requested herein, that either Plaintiff and/or the Federal Government may construe paragraph 9 of the Final Judgment for Divorce as meaning that Plaintiff is entitled to 50% of Husband's retirement at the time he retires rather than 50% of his USDA Annuity Plan as of the date of the divorce, which was to be paid to Plaintiff at the time Defendant retired from his employment or otherwise became eligible for his annuity benefits.

(Paragraph numbering in original omitted).

Following a bench trial, the court rejected Husband's interpretation of the language of the judgment of divorce regarding the annuity plan. The court opined as follows:

> As to the other issue, and while the Court is aware that the Court can normally divide assets that exist at the time of the divorce, when the parties agree to the contrary or – and I don't remember whether this was a ruling or an agreement, but when the judgment says that she will get 50 percent of his retirement when he retires and doesn't limit it in any way, then I believe to limit that, to change that, I would be engaging in what [Wife's attorney] is saying, a modification of the

divorce decree. And, respectfully, I believe that the judgment was and is – whether it was meant to be or not – was and is that she would receive 50 percent of the retirement when he retired, and there is no limitation placed on that other than, I believe, death or remarriage perhaps.

The trial court also held in its memorandum opinion that Husband's retirement would constitute a change in circumstances. While the court's memorandum opinion was incorporated into the judgment, the latter document does not further address the issue of alimony. In fact, the only decree in the judgment, other than the taxing of costs, recites that Husband's complaint is "denied and dismissed with prejudice."

III.

Husband argues that the initial part of the first paragraph of the annuity plan portion of the judgment should be read as follows:

> [T]he Wife shall be entitled to fifty percent of the Husband's USDA Annuity Plan [as of the date of the parties' divorce], . . . .

This quote, including the bracketed language, comes directly from Husband's brief. He contends that the language of the judgment pertaining to the annuity plan,[3] without the bracketed language, is ambiguous. In asking us to construe the annuity plan language as if the additional language had been expressly stated in the judgment, he argues (1) that the definition of marital property[4] in Tenn. Code Ann. § 36-4-121(b)(1)(A) (2005) is so worded as to exclude retirement benefits earned after the entry of a judgment of divorce;[5] (2) that the judgment does not contain any language indicating, expressly or by implication, that the trial court's decree with respect to the annuity plan was based

---

[3]Apparently, "annuity plan" is the language employed by the government to encompass the entirety of Husband's retirement benefits resulting from his employment with the USDA.

[4]In pertinent part, Tenn. Code Ann. § 36-4-121(b)(1)(A) provides as follows:

> "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage *up to the date of the final divorce hearing* and owned by either or both spouses as of the date of filing of a complaint for divorce, . . . .

(Emphasis added).

[5]Husband also relies upon the following from the Tennessee Supreme Court case of **Cohen v. Cohen**, 937 S.W.2d 823 (Tenn. 1996):

> We, therefore, conclude that marital property includes retirement benefits, both vested and unvested *which accrue during the marriage*.

**Id**. at 830. (Emphasis added).

upon an agreement of the parties; (3) that, since the court ordered – rather than the parties agreeing to – the division of the annuity plan, the court was required, as a matter of law, to limit Wife's entitlement to a portion of Husband's retirement benefits accruing during the parties' marriage; and (4) that the equities of the case militate in favor of Husband's position.

Wife responds by contending (1) that Husband is actually seeking to modify a division of property that has been final for many years; (2) that the trial court lacks jurisdiction to undertake such a modification;[6] and (3) that Husband's complaint is actually a Tenn. R. Civ. P. 60 motion masquerading as a declaratory judgment action and that Husband is really seeking, in an untimely fashion, to alter the judgment based upon a theory of "mistake, inadvertence, surprise or excusable neglect."[7]

IV.

The threshold issue before us is simply this: What does the judgment of divorce provide as to the quantum of Wife's entitlement to the USDA annuity plan? For guidance with respect to this question, we turn to the Supreme Court case of **Blue Cross-Blue Shield of Tenn. v. Eddins**, 516 S.W.2d 76 (Tenn. 1974), in which the High Court quoted, with approval, the following from our opinion in the case of **Branch v. Branch**, 249 S.W.2d 581, 582-83 (Tenn. Ct. App. 1952):

> Judgments are to be construed like other written instruments, the determinative factor being the intention of the court as gathered from all parts of the judgment. Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable.

**Blue Cross**, 516 S.W.2d at 78 (citations omitted). As with respect to "other written instruments," *see* **Rapp Const. Co. v. Jay Realty Co**., 809 S.W.2d 490, 491 (Tenn. Ct. App. 1991), the interpretation of a judgment presents a question of law. Accordingly, we review the trial court's interpretation of the judgment of divorce "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the [trial court]." **Southern Constructors, Inc. v. Loudon Co. Bd. of Educ**., 58 S.W.3d 706, 710 (Tenn. 2001).

In the instant case, the trial court – not surprisingly – did not remember the details of a case it had handled some 15-1/2 years earlier. The court looked at the pertinent language and concluded that the divorce judgment provides that Wife is entitled, without limitation, to half of Husband's retirement. We agree with the trial court's interpretation because, simply stated, that is what the judgment provides – "[t]he Wife shall be entitled to fifty percent of the Husband's USDA Annuity Plan." We find no ambiguity in this language. It says what it says.

---

[6]*See* **Johnson v. Johnson**, 37 S.W.3d 892, 895 (Tenn. 2001) (holding that a court's division of property is "not subject to modification.").

[7]*See* Tenn. R. Civ. P. 60.02(1).

Husband urges us to read into the judgment the limiting language – as recited in his brief – "as of the date of the parties' divorce." In our judgment, Husband's request proves too much. He wants us to read this language into the judgment because *it is not there now*. This we cannot do. The issue before us is "the intention of the court as gathered from all parts of the judgment." **Blue Cross**, 516 S.W.2d at 78. The issue is *not* what the court *should have intended*.

The trial court's interpretation is not "at odds" with any other portion of the judgment. The court's construction of the relevant language "will give force and effect to every word of [the judgment], . . ., and make its several parts consistent, effective and reasonable." **Id**.

Having concluded that the judgment of divorce awards Wife, without limitation, one-half of Husband's USDA annuity plan, it naturally follows that the addition of the limiting language sought by Husband would change the meaning of the judgment as it pertains to the annuity plan. Hence, to add the language is to change or modify what the trial court did at the time of the divorce, something, again, which we cannot do. *See* **Johnson v. Johnson**, 37 S.W.3d 892, 895 (Tenn. 2001).

As we view this case, it is immaterial whether the 1989 judgment was based upon the parties' settlement or a court order following a contested hearing.[8] It is also immaterial whether the trial court, after a contest, divided an asset, a portion of which was not owned by Husband until after the parties' divorce. We are dealing in this case with a *final* judgment. The doctrine of *res judicata* precludes us from going behind this final judgment to test whether the trial court erred, factually or legally, in awarding Wife, without limitation, one-half of Husband's retirement benefits.

In **Kolker v. Gelb**, 600 S.W.2d 728 (Tenn. Ct. App. 1980), a husband sought to terminate his *in futuro* alimony obligation on the basis that the statute pursuant to which the award was originally made had subsequently been declared unconstitutional. In rebuffing this attempt, we made comments which apply with equal force in the instant case:

> Counsel's major premise is deficient. Mr. Kolker is not making payments under any statute, constitutional or otherwise. He is making his payments by virtue of a Court decree from which no appeal was taken. It makes no difference whether that decree was based upon good law or upon bad law. If no appeal was taken therefrom, it may not now be attacked because of some defect in the proceedings. That is what the doctrine of *res judicata* is all about. The alimony decree is final and may not now be the subject of a six year delayed appeal.

**Id**. at 730 (citations omitted). *See also* **Henley v. Hastings**, 441 S.W.2d 64, 69 (Tenn. Ct. App. 1968) (noting that "public policy dictates that litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel" (quoting **Jordan v. Johns**, 79 S.W.2d 798, 802 (Tenn. 1935))); **State ex rel. Cihlar**

---

[8]As an aside, we note that the record is not clear as to exactly how the judgment came about.

*v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000) (noting that the doctrines of *res judicata* and collateral estoppel "promote finality in litigation in order to conserve judicial resources and to relieve litigants from the cost and vexation of multiple lawsuits").

In the instant case, Husband, in essence, is suggesting that the portion of the judgment dealing with the USDA annuity plan was based upon a mistake of law, *i.e.*, the premise that a trial court, following a contested hearing, has the power to divide retirement benefits not in existence at the time of the divorce. Assuming, solely for the purpose of discussion, that the judgment – which, incidentally, was approved for entry by counsel for both parties – was based, in part, upon a false legal premise, Husband had ample options available to him at a much earlier time to correct such an error. *See* Tenn. R. Civ. P. 59 and 60 and Tenn. R. App. P. 3. He did not pursue any of his options and the time for doing so has long since passed.

V.

One issue remains – Wife's contention that the trial court erred in stating that the court "fe[lt] relatively comfortable in finding that retirement will constitute a change in circumstances." The court went on to state

> that unless need changes, unless ability – or primarily ability changes
> in the interim, that retirement would terminate the obligation to
> provide alimony under the present circumstances.

We agree that this was error.

In *Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001), the Supreme Court addressed the issue of when an obligor's retirement will constitute a change in circumstances such as to authorize a court to take a new look at the obligor's alimony obligation. The court held that

> when an obligor's retirement is objectively reasonable, it does
> constitute a substantial and material change in circumstances –
> irrespective of whether the retirement was foreseeable or voluntary –
> so as to permit modification of the support obligation.

*Id*. at 729. In determining whether an obligor's retirement is "objectively reasonable," a "trial court should examine the totality of the circumstances surrounding the retirement to ensure that it is objectively reasonable." *Id*. The party seeking to modify his or her alimony obligation has the burden of establishing such reasonableness. *Id*. "[I]n no case may a retirement be deemed objectively reasonable if it was primarily motivated by a desire to defeat the support award or to reduce the alimony paid to the former spouse." *Id*.

In the instant case, Husband has not retired, nor has he set a date for retirement. In fact, he seems to suggest that whether, and when, he retires will be contingent upon our judgment with respect to the interpretation of the USDA annuity plan language in the judgment of divorce. That

decision has now been resolved adverse to his position in this case. We do not know how this will affect his retirement plans.

The trial court could not "examine the totality of the circumstances surrounding [Husband's] retirement to ensure that it is objectively reasonable," *id*, because Husband has not retired or set a date for retirement. A court should not render an advisory opinion on facts "not even in existence." ***Banks v. Jenkins***, 449 S.W.2d 712, 717 (Tenn. 1969).

VI.

The judgment of the trial court regarding whether Husband's retirement constitutes a change in circumstances is vacated. In all other respects, the trial court's judgment is affirmed. Costs on appeal are taxed to the appellant, Donald R. Crull. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE