PRESIDING JUSTICE ZENOFF, dissenting: While I agree with the majority that the trial court did not lose personal jurisdiction over Ralph, I disagree with the majority’s analysis and the ultimate result it reaches. Accordingly, I respectfully dissent. While the majority cites to People v. Vincent, 226 Ill. 2d 1 (2007), and the supreme court’s admonition that under the procedural circumstances here a de novo standard of review applies, it reaches a result based on equitable principles rather than the applicable statutory requirements. This approach is, in my view, inconsistent with the analysis in Vincent and this court’s recent opinion in Mills v. McDuffa, 393 Ill. App. 3d 940 (2009). It is well settled that an appellate court must follow the law as set forth by the supreme court. Nelson v. Aurora Equipment Co., 391 Ill. App. 3d 1036, 1038 (2009). Vincent explicitly states that it is incorrect for courts to continue to view section 2 — 1401 petitions as a matter of judicial discretion, subject to an abuse-of-discretion review on appeal. Vincent, 226 Ill. 2d at 15. The application of the abuse-of-discretion standard is a result of appellate courts maintaining the belief that section 2 — 1401 petitions remain rooted in equitable principles. As the Vincent court stated: “[T]he operation of the abuse of discretion standard is the result of an erroneous belief that a section 2 — 1401 petition ‘invokes the equitable powers of the court ***.’ [Citation.] *** When the legislature abolished the writs in favor of today’s statutory remedy, it became inaccurate to continue to view the relief in strictly equitable terms. *** Because relief is no longer purely discretionary, it makes little sense to continue to apply an abuse of discretion standard on review.” Vincent, 226 Ill. 2d at 15-16. Following Vincent, in Mills, we also emphasized the change in section 2 — 1401 relief from equitable to statutory. Mills, 393 Ill. App. 3d at 947, 949 (“When the legislature abolished the common-law writs in favor of the statutory remedy [of section 2 — 1401], it became inaccurate to continue to view the relief in strictly equitable terms” and “it is not appropriate to view section 2 — 1401 relief in strictly equitable terms”). The Vincent court essentially held that the standard by which we should review the trial court’s disposition of a section 2 — 1401 petition depends upon the manner in which it was disposed. See Vincent, 226 Ill. 2d at 15-17. Five types of final dispositions are possible in section 2 — 1401 litigation: “the trial judge may dismiss the petition; the trial judge may grant or deny the petition on the pleadings alone (summary judgment); or the trial judge may grant or deny relief after holding a hearing at which factual disputes are resolved.” Vincent, 226 Ill. 2d at 9, relying on D. Simko, Updating the Standard of Review for Petitions to Vacate Final Judgments, 86 Ill. B.J. 34 (1998) (listing the five possible dispositions as dismissing, granting relief without an evidentiary hearing, denying relief without an evidentiary hearing, granting relief after an evidentiary hearing, and denying relief after an evidentiary hearing). Vincent mandates that, where a trial court enters a judgment on the pleadings or a summary judgment in a section 2 — 1401 proceeding, that judgment will be reviewed de novo on appeal. Vincent, 226 Ill. 2d at 18. Although Vincent dealt with the dismissal of a section 2 — 1401 petition (possibility number one), the court stated that future analyses regarding the standard of review for a grant or denial of a section 2 — 1401 petition should be “grounded in the notion that each of the dispositions available in a section 2 — 1401 action is borrowed from our civil practice and pleadings.” Vincent, 226 Ill. 2d at 17. In this case, the trial court denied Ralph’s section 2 — 1401 petition based on the pleadings and affidavits; there was no evidentiary hearing. Therefore, just as we would review de novo the trial court’s grant of a motion for summary judgment, we should review de novo the trial court’s denial of Ralph’s section 2 — 1401 petition. Ralph contends that his section 2 — 1401 petition should have been granted because the trial court lacked personal jurisdiction over him due to the State’s failure to serve him with the petition to terminate his parental rights. According to Ralph, because the trial court lacked jurisdiction over him, the default judgment terminating his parental rights was void. Generally, to succeed on a section 2 — 1401 petition, a party must demonstrate, by a preponderance of the evidence, the existence of a “defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition.” Vincent, 226 Ill. 2d at 7-8. In addition, the section 2 — 1401 petition must be brought within two years of the entry of judgment, excluding any time during which the party is under legal disability or duress or during which the ground for relief is fraudulently concealed. 735 ILCS 5/2 — 1401(c) (West 2008). Where, however, a defendant brings a section 2 — 1401 petition based on voidness grounds, he or she needs to neither allege a meritorious defense, demonstrate due diligence, nor file the petition within two years of the entry of judgment. Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 104 (2002). “ ‘Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties.’ ” In re Marriage of Mitchell, 181 Ill. 2d 169, 174 (1998), quoting Johnston v. City of Bloomington, 77 Ill. 2d 108, 112 (1979). As previously mentioned, I agree with the majority’s analysis of whether the trial court had personal jurisdiction over Ralph and concur in the conclusion that the failure to serve Ralph did not deprive the trial court of personal jurisdiction over Ralph. This, I believe, is where the analysis should end, however. Having failed to establish that the default order was void for lack of personal jurisdiction, Ralph makes no argument that the default order was void for any other reason. He also makes no argument that his section 2 — 1401 petition presented a meritorious defense and demonstrated due diligence in discovering and presenting the meritorious defense. Accordingly, in my opinion, Ralph has failed to establish any error in the trial court’s denial of his petition.[3] Nevertheless, the majority concludes that the failure to serve Ralph with the petition to terminate his parental rights violated due process and requires the reversal of the trial court’s decision. Any due process violation that Ralph may have suffered as a result of not being served with the petition to terminate would render the default order merely voidable, not void, as the due process violation would not deprive the trial court of jurisdiction. A void order is one entered where there is a “total want of jurisdiction,” while a voidable order is one erroneously entered by a court with jurisdiction. Mitchell, 181 Ill. 2d at 174. “Once a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court’s determination of the law.” Mitchell, 181 Ill. 2d at 174, citing Vulcan Materials Co. v. Bee Construction, 96 Ill. 2d 159, 165 (1983). Here, the majority determines, and I agree, that the trial court had jurisdiction; thus, any due process violation would have rendered the default order only voidable, not void. Because the default order was not void, to succeed on his section 2 — 1401 petition, Ralph was required to present a meritorious defense and demonstrate due diligence. Vincent, 226 Ill. 2d at 7-8. The majority does not explain how the due process violation constitutes either a meritorious defense or due diligence on Ralph’s part. Instead, the majority declares that the alleged due process violation requires reversal of the trial court’s decision because a liberty interest is involved and the default judgment against Ralph is “unfair” and “unconscionable.” 403 Ill. App. 3d at 378. Even under pre-Vincent case authority, to which the majority subscribes, a section 2 — 1401 petitioner was required to show a meritorious defense or claim and due diligence in presenting that defense or claim. Smith v. Airoom, Inc., 114 Ill. 2d 209, 220-21 (1986). Yet, in reversing the trial court, the majority makes no mention of these requirements and whether they were met. The majority attempts to bolster its conclusion by analogizing the situation here to one where section 2 — 604 of the Code of Civil Procedure (735 ILCS 5/2 — 604 (West 2008)) requires that notice shall be given as provided by rule when additional relief (other than that pleaded) is sought against a defaulting party. Supreme Court Rule 105 provides that “[i]f new or additional relief *** is sought *** notice shall be given *** as herein provided.” 134 Ill. 2d R. 105. Rule 105 goes on to establish the manner in which such service shall be provided. Thus, section 2 — 604 provides that, where additional relief is sought against a defaulting party, notice is required and, further, notice shall be as provided by Rule 105 (which itself mandates that notice be given where additional relief is sought against a defaulting party). This scheme is not analogous to the relationship between section 2 — 15(3) of the Act and Supreme Court Rule 11. Indeed, rather than requiring that notice be given to a respondent to a petition to terminate parental rights, section 2 — 15(3) provides that the initial summons in an abuse, neglect, or dependency proceeding shall include a notice that the respondent is not entitled to further notice of proceedings in the case, “including the filing of *** a motion to terminate parental rights, except as required by Supreme Court Rule 11.” (Emphasis added.) 705 ILCS 405/2 — 15(3) (West 2008). The majority asserts that “[sjection 2 — 15(3) does not in any way exempt the State from notifying a party about anything it might file in a case after it has served that party with process.” 403 Ill. App. 3d at 375. I respectfully disagree, as the plain language of section 2 — 15(3), though admittedly not an express exemption to the State, does require that parties be notified that they are not entitled to additional notice. The majority discusses Rule 11 as laying out “on whom service shall be made and the acceptable methods of service” and notes that supreme court rules have the force of law and must be followed. 403 Ill. App. 3d at 375. With that I do not disagree. However, Rule 11 does not require service; rather, it simply provides for the manner in which service shall be effected beyond the service of the complaint. In other words, if the State were to voluntarily serve notice of additional filings or proceedings, it would need to comply with Rule 11. Moreover, the majority cites no authority for the proposition that failure to comply with Rule 11 renders an order void. In contrast, in the section 2 — 604/ Rule 105 scheme, the majority cites Cook v. Burnette, 341 Ill. App. 3d 652 (2003), for the proposition that failure to provide notice to a defaulting defendant that additional relief was sought renders void an award in excess of the ad damnum clause. As compelling as the majority’s argument might be, I cannot subscribe to its analogy, given the difference in the law under section 2 — 15(3) of the Act, where notice is expressly not required. Accordingly, I would affirm the trial court’s denial of Ralph’s section 2 — 1401 petition and his motion to amend his section 2 — 1401 petition. Ralph also contends (in a footnote) that the trial court erred by not allowing him to amend his section 2 — 1401 petition. According to Ralph, this was error because the trial court did not deny his section 2 — 1401 petition “with prejudice.” The authority Ralph cites for this proposition merely states that where a trial court dismisses a section 2 — 1401 petition “without prejudice,” the trial court invites a refiling. See Romo v. Allin Express Service, Inc., 219 Ill. App. 3d 418, 419 (1991). It does not necessarily follow that a trial court errs where it does not permit the filing of an amended petition anytime it fails to include the language “with prejudice” in its denial of the original petition.