## Velma Sims, Plaintiff-Appellant, v. Robert D. Sneed, Defendant-Appellee.

### Gen. No. 69–29.

Fifth District.
December 26, 1969.

Leonard J. Dunn, of West Frankfort, and Frank Bonan, of McLeansboro, for appellant.

Conger & Elliott, of Carmi (Ivan A. Elliott, Jr., of counsel), for appellee.

PER CURIAM.

Plaintiff filed a complaint against the defendant for personal injuries sustained in an automobile collision. Defendant was insured by Country Mutual Insurance Company. Plaintiff filed a motion for leave to add the insurance company as an additional party defendant alleging that the insurer had "so completely taken over the defense of the above action and has so extensively injected itself into this action, that a complete and fair determination of the controversy cannot be had without making said corporation a party defendant herein." In support of the motion plaintiff presented uncontra-

dicted testimony to the effect that a claims adjuster for Sneed's insurance company had talked to two witnesses in the case and had told them if the plaintiff got what she was claiming, the defendant would be paying for the rest of his life. He also suggested to them that in view of the time that had passed, they could forget hearing the defendant say that it was all his fault. The court denied the motion and entered an order with an express finding that there is no just reason for delaying enforcement or appeal of this order. The plaintiff appeals.

The only issue is whether plaintiff can join defendant's insurer as a codefendant before there is a determination of defendant's liability.

■ Plaintiff admits that under existing Illinois law a liability insurance carrier cannot be joined in a suit against the assured. However, she argues persuasively that under present day circumstances this rule should be changed, citing as her principal authority the case of Bussey v. Shingleton (Fla), 211 So2d 593 (1968), where the Florida Court of Appeals said at page 596:

> "The insurance company, by the terms of its policy has placed itself in the position that it has the *right* to control litigation against its insured, if there is a *possibility*, no matter how slight, of said insurance company incurring any liability as a result of said litigation, and by the same contract of insurance has *obligated* itself to defend the litigation, no matter how frivolous. Therefore, if the insurance company by the very nature of its contract of insurance has injected itself into the litigation as a real party in interest, then it should not be heard to deny the right of the plaintiff to point this out in a complaint for damages against an insured where it is known that such insurance policy does in fact exist.
>
> "...
>
> "We feel that today there is a difference in the insurance required, calling for a different view from

that heretofore, held by our courts. We feel it is time that our courts adopt a construction of the Rule to conform to that which is necessary to see the carrying out of justice. We must remember, there is no statutory law prohibiting the making of the insurer a defendant. It is case law and we may by case law change the rule to mete out justice. Such liability policies, as the one in this case is admitted to be, in view of the mandatory statutorial requirements for liability insurance in minimum specified amounts, and the demand therefor by public policy, and the injection of the insurance company as an interested party, by the policy itself, we think should be construed as quasi-third party beneficiary contracts, thereby giving the injured third party unquestionable right to join such maker of such insurance policy as a party defendant."

However, in Marchlik v. Coronet Ins. Co., 40 Ill2d 327, 239 NE2d 799 (1968), the Illinois Supreme Court held that an action brought in Illinois against two insurers based on the Wisconsin Direct Action statute was properly dismissed as contrary to the public policy of this state, and that refusal to enforce the Wisconsin statute did not violate the full faith and credit clause of the Federal Constitution.

". . . An examination of the Illinois law and customs will, we believe, demonstrate that entertaining direct action suits is contrary to a firmly-fixed public policy.

"First, while there is no direct legislation prohibiting such actions as in Michigan (Lieberthal v. Glens Falls Indemnity Co., 316 Mich 37, 24 NW2d 547), section 25 of the Civil Practice Act (Ill Rev Stat 1967, chap 110, par 25(2),) which provided for the filing of a third party complaint, expresses a legis-

lative policy by adding the admonition: 'Nothing herein applies to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed.' Section 388 of the Insurance Code (Ill Rev Stat 1967, chap 73, par 1000) provides that policies shall contain a privilege for suit against an insurer where the insured becomes insolvent or bankrupt and execution has been returned unsatisfied. These statutory provisions definitely indicate to us a legislative policy against direct actions against insurers before judgment." Id. 332–333.

■ As an appellate court, it is not within our province to deviate from the public policy established by our Supreme Court or to modify its decisions. Agricultural Transp. Ass'n v. Carpentier, 2 Ill2d 19, 116 NE2d 863; Belden Mfg. Co. v. Chicago Threaded Fasteners, 84 Ill App2d 336, 228 NE2d 532; Miller v. City of Chicago, 25 Ill App2d 56, 165 NE2d 724; Hensley v. Hensley, 62 Ill App2d 252, 210 NE2d 568. Although we deplore the actions of the insurance adjuster in this case, we do not believe that they furnish a sufficient basis to add the insurance company as a party, in view of the public policy against so doing pronounced by our Supreme Court in Marchlik, supra.

The trial court did not err in denying plaintiff's motion.

Order affirmed.