ROBERT BREWSTER, Guardian of the Estate of Heather Brewster, Disabled, Plaintiff-Appellant, v. RUSH-PRESBYTERIAN-ST. LUKE'S MEDICAL CENTER, Defendant-Appellee (Sook Im Hong, Defendant).

First District (1st Division)   No. 1—03—3192

Opinion filed September 19, 2005.

34

Michael W. Rathsack, of Chicago (Kevin J. Conway and Michael W. Rathsack, of counsel), for appellant.

George F. Galland, Jr., and Rebecca D. Onie, both of Miner, Barnhill & Galland, P.C., of Chicago, for appellee.

Christopher Hull, Associate Counsel of Committee of Interns and Residents, of New York, New York, for *amicus curiae* Committee of Interns and Residents.

Richard A. Devine, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Helen Haynes, and Frank J. Oles, Assistant State's Attorneys, of counsel), for *amicus curiae* County of Cook.

Thaddeus J. Nodzenski and Mark D. Deaton, both of Illinois Hospital Association, of Naperville, for *amicus curiae* Illinois Hospital Association.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff appeals a trial court order holding a hospital not liable for an injury caused by its off-duty resident doctor. The novel issue we address is whether a hospital may owe a duty to a plaintiff injured by an off-duty resident doctor allegedly suffering from sleep deprivation as a result of the hospital's policy on working hours. We do not believe the duty exists under current Illinois law and so affirm the trial court's dismissal of the complaint.

Plaintiff Robert Brewster brought this action on behalf of Heather Brewster (Heather), who was injured in a car accident allegedly caused by Sook Im Hong. Hong was a first-year resident at Rush-Presbyterian-St. Luke's Medical Center (hospital) at the time of the accident. Plaintiff filed a negligence action against Hong and the hospital. The trial court granted the hospital's motion to dismiss plaintiff's claims

against it under section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1996)). Plaintiff appeals under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). *Amicus curiae* briefs have been filed by Cook County and the Illinois Hospital Association on behalf of the hospital and by the Committee of Interns and Residents on behalf of plaintiff. We thank the *amici* for their thoughtful advocacy.

A motion to dismiss under section 2—615 of the Code challenges the legal sufficiency of the complaint by alleging defects on its face. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364, 821 N.E.2d 1099 (2004). We review an order granting or denying a section 2—615 motion *de novo. Beretta U.S.A. Corp.*, 213 Ill. 2d at 364. In reviewing the sufficiency of a complaint, we accept as true all well-pled facts and reasonable inferences that may be drawn from those facts. *Beretta U.S.A. Corp.*, 213 Ill. 2d at 364. Our review also requires that we construe the allegations in the complaint in the light most favorable to the plaintiff. *Beretta U.S.A. Corp.*, 213 Ill. 2d at 364.

The facts, as alleged in plaintiff's third amended complaint, are as follows. On July 14, 1997, Hong, who had just left the hospital following a 36-hour work shift, fell asleep behind the wheel of her car and struck a car driven by Heather. Heather was injured. Count II of plaintiff's complaint sounds in common law negligence and alleged the hospital knew or should have known that Hong had worked 34 of the 36 hours she had been scheduled to work on July 13 and July 14, 1997. Plaintiff also alleged the hospital knew or should have known that Hong was tired from the excessive hours she worked and left the hospital on July 14 with impaired judgment because she was deprived of sleep. Plaintiff maintained the hospital had a duty, which it breached, to prevent the injury caused by Hong's condition. Count III alleged the hospital acted willfully and wantonly. Count IV alleged the hospital violated section 6.14 of the Hospital Licensing Act (210 ILCS 85/6.14 (West 1996)). Finally, count V alleged the hospital was guilty of negligence under the duty imposed by section 321 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 321 (1965)).

Plaintiff concedes there is no Illinois law directly on point that would support a finding that the hospital owed plaintiff a duty. But plaintiff argues public policy considerations dictate such result. The Committee of Interns and Residents has cited several studies that support plaintiff's position, including data showing that hospitals know, or reasonably should know, that there is a high percentage of residents who fall asleep behind the wheel of a car after leaving work.

■ Four factors are relevant to deciding whether a duty of care exists: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the burden of guarding against injury; and (4) the

consequences of placing that burden on the defendant. *Beretta U.S.A. Corp.*, 213 Ill. 2d at 391. Plaintiff contends these familiar components of a duty analysis weigh in his favor. Specifically, plaintiff maintains it is reasonably foreseeable and likely that drivers who are sleep deprived will cause traffic accidents resulting in injuries. Plaintiff also maintains that such injuries could be prevented if hospitals either changed work schedules of their residents or provided them with additional rest periods. Plaintiff argues the burden associated with these preventative measures is minimal when compared to the benefit that would be realized by society.

The hospital responds that plaintiff's argument ignores a threshold question in a duty analysis: whether a relationship exists between the parties that imposes a duty on the defendant to consider the impact of its behavior on the plaintiff. See *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 44, 809 N.E.2d 1248 (2004). The hospital cites *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 513 N.E.2d 387 (1987), for the proposition that no such relationship existed here.

■ Our supreme court in *Kirk* considered whether a nonpatient third party could sustain a cause of action against a hospital for injuries caused by a patient of the hospital. *Kirk*, 117 Ill. 2d at 525. The court recognized that "[a] wrong against one person may invade the protected rights of one who has a special relationship with the first party, as the law recognizes a limited area of transferred negligence." *Kirk*, 117 Ill. 2d at 528. But the court cautioned that transferred negligence arises only where a special relationship exists between the defendant and the person causing injury or between the third party and the person causing injury. *Kirk*, 117 Ill. 2d at 528. The court held no such special relationship existed in that case and affirmed the lower court's dismissal of the third party's negligence action against the hospital. *Kirk*, 117 Ill. 2d at 528. *Kirk* is followed by a line of cases holding, as a general rule, there is no liability imputed to healthcare providers for injuries to nonpatient third parties. See, *e.g.*, *Doe v. McKay*, 183 Ill. 2d 272, 282, 700 N.E.2d 1018 (1998); *Estate of Johnson v. Condell Memorial Hospital*, 119 Ill. 2d 496, 520 N.E.2d 37 (1988).

■ In *Johnson*, our supreme court adopted sections 315 through 319 of the Restatement (Second) of Torts (Restatement (Second) of Torts §§ 315 through 319 (1965)), which instruct on the duty to control the conduct of another to prevent him from causing injury to a third party. *Johnson*, 119 Ill. 2d at 503-04. Under section 315 of the Restatement, there is no duty to control another's conduct absent a special relationship with that person or with the injured third party. Restatement (Second) of Torts § 315 (1965). Sections 316 through 319 describe

the special relationships that give rise to a duty: parent-minor child, master-servant, possessor of land-licensee and a person who takes charge of another with dangerous propensities. Restatement (Second) of Torts §§ 316 through 319 (1965).

The relationship most relevant to this case is the master-servant relationship described in section 317 of the Restatement. But the hospital maintains the facts of this case do not trigger section 317, and plaintiff does not dispute this. Rather, plaintiff asks that we carve out a new exception to the general rule limiting liability to third parties: it would hold hospitals liable to third parties for the conduct of resident physicians who are required to work excessive hours.

This we cannot do. We are not a legislative body or the highest court of this state, but an intermediate court of error. Our supreme court has chosen to adopt the principles governing liability owed to third parties as set out in sections 315 through 319 of the Restatement (Second) of Torts. It is not the province of this court to modify our supreme court's declarations. See *Sims v. Sneed*, 118 Ill. App. 2d 294, 297, 254 N.E.2d 316 (1969).

Because we are bound by the decisions of our supreme court, we do not find persuasive cases from other jurisdictions that have imposed liability for injuries to third parties absent a special relationship as defined by sections 316 through 319 of the Restatement. See *Faverty v. McDonald's Restaurants of Oregon, Inc.*, 133 Or. App. 514, 892 P.2d 703 (1995) (holding fast-food restaurant liable to third party on the ground that it was reasonably foreseeable that employee scheduled to work excessive hours would fall asleep behind the wheel of a car while driving home and injure the third party); *Bussard v. Minimed, Inc.*, 105 Cal. App. 4th 798, 129 Cal. Rptr. 2d 675 (2003) (employer held liable to third party under *respondeat superior* theory where employee became dizzy and light-headed after being exposed to pesticides at work and, while driving home, struck a car driven by the third party); *D. Houston, Inc. v. Love*, 92 S.W.3d 450 (Tex. 2002) (nightclub held liable to independent contractor who worked at the nightclub as a dancer and who became intoxicated as a result of a job requirement that she consume alcohol; dancer was injured in car accident proximately caused by intoxication).

Nor do we find *Slager v. Commonwealth Edison Co.*, 230 Ill. App. 3d 894, 595 N.E.2d 1097 (1992), applicable to the facts before us. The court there held the defendant liable for failing to provide safe egress to its business invitees. *Slager*, 230 Ill. App. 3d at 904-06. The plaintiff, a business invitee, was injured while attempting to escape angry picketers on the defendant's property. *Slager*, 230 Ill. App. 3d at 896-99. The court held the defendant to a duty of care because the

defendant undertook to provide for the plaintiff's safety. *Slager*, 230 Ill. App. 3d at 905. There is no allegation here that the hospital undertook a duty to provide for plaintiff's safety.

■ Plaintiff argues that, if we rely on the Restatement as governing under these facts, we should hold the hospital liable under section 321 of the Restatement. Restatement (Second) of Torts § 321 (1965). That section reads:

"(1) If the actor does an act, and subsequently realizes or should realize that it has created an unreasonable risk of causing physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect.

(2) The rule stated in Subsection (1) applies even though at the time of the act the actor has no reason to believe that it will involve such a risk." Restatement (Second) of Torts § 321, at 132 (1965).

This section of the Restatement has been criticized for its vagueness and seemingly limitless scope. See, *e.g.*, *Glick v. Martin & Mohler, Inc.*, 369 Pa. Super. 428, 435-36, 535 A.2d 626, 629-30 (1987). We also note that our supreme court has not adopted section 321 as an exception to the general rule that one will not be liable to a third party absent a special relationship.

■ Lastly, we note plaintiff argued in the trial court that the hospital was liable for violating section 6.14 of the Hospital Licensing Act (210 ILCS 85/6.14 (West 1996)). Plaintiff has not made this argument on appeal. But because count IV of plaintiff's third amended complaint is premised on an alleged violation of this section, we briefly address the issue. Section 6.14 reads:

"Resident and intern duty hour requirements. Hospitals licensed under this Act shall comply with the duty hour requirements for residents and interns established by the Accreditation Council for Graduate Medical Education." 210 ILCS 85/6.14 (West 1996).

The hospital maintains section 6.14 of the Hospital Licensing Act does not give plaintiff a private cause of action and is not a ground for liability against the hospital.

■ ■ Section 6.14 does not expressly grant plaintiff the right to seek damages for a violation of this section. But a private right of action may be implied where: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460, 722 N.E.2d 1115 (1999). Plaintiff, in his brief to this court, maintains section 6.14 was enacted to combat problems associ-

ated with patient care. Because plaintiff is not a patient, we see no reason to conclude he has a private right of action against the hospital under section 6.14. We do not address whether section 6.14 implies a private right of action under different circumstances than are present here. Nor do we address whether this case is one involving internal staffing decisions by private hospitals, an area where the judiciary has refrained from imposing a full form of review on public policy grounds. See *Garibaldi v. Applebaum*, 194 Ill. 2d 438, 451-52, 742 N.E.2d 279 (2000).

The judgment of the circuit court dismissing counts II through V of plaintiff's third amended complaint against the hospital is affirmed.

Affirmed.

GORDON and McBRIDE, JJ., concur.