PATRICIA TILSCHNER, Plaintiff-Appellant, v. LOWELL SPANGLER *et al.*, Defendants-Appellees.

Second District   No. 2—10—0111

Opinion filed May 6, 2011.

Mark J. Vogg, Hans A. Mast, and Thomas J. Popovich, all of Law Offices of Thomas J. Popovich, P.C., of McHenry, for appellant.

Joel M. Huotari and James P. Devine, both of WilliamsMcCarthy LLP, of Rockford, for appellee Lowell Spangler.

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justice Hutchinson concurred in the judgment and opinion.
Justice Hudson specially concurred, with opinion.

## OPINION

Plaintiff, Patricia Tilschner, appeals from the trial court's orders dismissing count II of her third-amended complaint and denying her motion to reconsider. Patricia claims on appeal that the trial court erred in concluding that this State has not adopted section 318 of the Restatement (Second) of Torts (1965).[1] We affirm.

Patricia was injured during a party at the home of defendant Lowell Spangler when defendant Ralph Ruppel ignited fireworks. Patricia's third amended complaint contained three counts. Count I alleged common-law negligence against Spangler. Count II alleged negligence against Spangler pursuant to section 318 of the Restatement (Second) of Torts. Count III alleged common-law negligence against Ruppel. Spangler moved to dismiss count II, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2008)). The trial court granted the motion to dismiss with prejudice and denied Patricia's subsequent motion to reconsider. Patricia filed an application for leave to appeal to this court pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), which was denied. Patricia was also denied leave to file a fourth amended complaint. She then voluntarily dismissed count I of the third amended complaint, and the trial court

---

[1]Patricia raised a similar claim regarding an undifferentiated duty independent of section 318 but abandoned that argument during oral argument.

found no just reason to delay enforcement or appeal, pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). This appeal followed.

Patricia now contends that the trial court erred in dismissing count II of her third amended complaint. When a defendant challenges the legal sufficiency of a complaint with a section 2—615 motion to dismiss, all well-pleaded facts alleged in the complaint are taken as true. *King v. Senior Services Associates, Inc.*, 341 Ill. App. 3d 264, 266 (2003). On review of a dismissal pursuant to section 2—615, this court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted. *King*, 341 Ill. App. 3d at 266. The motion should be granted only if the plaintiff can prove no set of facts to support her cause of action. *King*, 341 Ill. App. 3d at 266. As this process does not require the trial court to weigh findings of fact or determine credibility, this court is not required to defer to the trial court's judgment, and we will review the matter *de novo*. *King*, 341 Ill. App. 3d at 266.

To state a cause of action in negligence, a plaintiff must allege facts that establish a duty, a breach of that duty, and proximate causation. *Ryan v. Yarbrough*, 355 Ill. App. 3d 342, 345 (2005). Patricia alleged that Spangler:

> "[o]wed a duty to the Plaintiff and his other invited guests to keep control and care over his property and to protect them against any unreasonable risks of harm known due to acts of a third person under his control, including the Defendant, RALPH RUPPEL, pursuant to the Restatement (Second) of Torts, §318."

Section 318 of the Restatement (Second) of Torts provides:

> "If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor
>
> (a) knows or has reason to know that he has the ability to control the third person, and,
>
> (b) knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts §318 (1965).

A restatement is not binding on Illinois courts unless it is adopted by our supreme court. *Eckburg v. Presbytery of Blackhawk of the Presbyterian Church (USA)*, 396 Ill. App. 3d 164, 169 (2009); *In re Estate of Lieberman*, 391 Ill. App. 3d 882, 890 (2009). Thus, we must determine whether our supreme court has adopted section 318 of the

Restatement (Second) of Torts; if it has not, Spangler owed no duty to Patricia.

Citing a line of both supreme court and appellate court cases, Patricia argues that section 318 has "unquestionably" been adopted in Illinois. However, this is not the first time that this court has examined this question and concluded to the contrary. In *Zimring v. Wendrow*, 137 Ill. App. 3d 847, 850 (1985), this court specifically found that "[n]o Illinois case has adopted section 318 of the Restatement (Second) of Torts, upon which plaintiff relies." Ultimately, we concluded that we "need not consider" the sufficiency of the complaint in relation to section 318. *Zimring*, 137 Ill. App. 3d at 853. In *Elizondo v. Ramirez*, 324 Ill. App. 3d 67, 73 (2001), the plaintiff asserted that section 318 "has been adopted in Illinois and cite[d] two cases in support." After analyzing those cases—*Cravens v. Inman*, 223 Ill. App. 3d 1059 (1991), and *Teter v. Clemens*, 112 Ill. 2d 252 (1986)—we concluded that "it is unclear whether these cases represent the law in Illinois" (*Elizondo*, 324 Ill. App. 3d at 73-74), and we declined to "express an opinion on whether section 318 represents the law in Illinois" (*Elizondo*, 324 Ill. App. 3d at 74). We note with interest that Patricia cites to *Elizondo* but fails to mention, let alone address, this court's refusal to find that section 318 had, indeed, been adopted in this state. Patricia now argues, despite our analysis in *Elizondo*, that our supreme court adopted section 318 in *Teter*. We disagree, and we will not revisit our prior analysis and determination in *Elizondo* that there was no clear adoption of section 318 by our supreme court in *Teter*.

While Patricia does not cite to *Cravens*, its ultimate disposition is instructive. In *Cravens*, the First District of the Illinois Appellate Court found a duty and, thus, a claim for negligence, pursuant to section 318 and to *Teter*, in the factual scenario of adults providing alcohol to minor guests who subsequently left in an automobile and were involved in a fatal accident. However, our supreme court in *Charles v. Seigfried*, 165 Ill. 2d 482, 501-02 (1995), concluded that it did "not agree that the views set forth in *Cravens* should be adopted through judicial decision." This court noted the supreme court's refusal, in an admittedly different context, to impose liability pursuant to section 318. See *Elizondo*, 324 Ill. App. 3d at 74.

Patricia argues that the supreme court "implicitly" adopted section 318 in *Estate of Johnson v. Condell Memorial Hospital*, 119 Ill. 2d 496, 503-04 (1988), in which the court stated:

"In general, one has no duty to control the conduct of another to prevent him from causing harm to a third party (Restatement (Second) of Torts §315 (1965)), but there are exceptions to this, based on 'special relationships.' Sections 315 through 319 of the

Restatement (Second) of Torts (1965) describe these relationships. The 'special relationship' that the plaintiff alleges existed here that would give rise to a duty to protect another from harm is found in section 319 ***."

The court ultimately concluded, "It cannot be reasonably said, based on the complaint's allegations against Condell, that the hospital assumed a duty of care to Holt under section 319 of the Restatement (Second) of Torts (1965)." *Estate of Johnson*, 119 Ill. 2d at 506-07. Patricia argues that the "clear import" of the decision "is that sections 315-319 have been adopted in Illinois." She then cites to a similar statement in *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 530 (1987) ("There are types of relationships that give rise to a duty to control a third party's conduct set out in sections 316 to 319 of the Restatement (Second) of Torts (1965) ***."), to support her conclusion that the supreme court "cited with approval all of the exceptions/duties established in sections 316 through 319." Patricia is not alone in this argument. The First District of the Illinois Appellate Court has boldly stated that the supreme court has adopted sections 315 through 319. See *Brewster v. Rush-Presbyterian-St. Luke's Medical Center*, 361 Ill. App. 3d 32, 36-37 (2005) (citing *Estate of Johnson*, 119 Ill. 2d at 503-04); *Iseberg v. Gross*, 366 Ill. App. 3d 857, 862 (2006) (citing only *Brewster*, which expressly mentions sections 315 through 319, but then mysteriously increasing the number of sections adopted, to include sections 314 through 320).

However, we first note that neither *Estate of Johnson* nor *Kirk* (nor, for that matter, *Brewster* nor *Iseberg*) involved a claimed application of section 318. Both *Estate of Johnson* and *Kirk* involved claims arising from alleged improper medical treatment of third parties who subsequently injured the plaintiffs; these claims were analyzed under section 319, which speaks to a duty of those in charge of someone having dangerous propensities. See *Estate of Johnson*, 119 Ill. 2d at 503-04; *Kirk*, 117 Ill. 2d at 530-31. The "most relevant" section in *Brewster* was section 317, which addresses the duty of a master to control the conduct of his servants. *Brewster*, 361 Ill. App. 3d at 37; Restatement (Second) of Torts §317 (1965). In *Iseberg*, the plaintiff did not even allege that any of the Restatement sections applied and imposed a duty on the defendants. *Iseberg*, 366 Ill. App. 3d at 862.

Patricia has failed to cite, and our research has not revealed, a single case since *Teter* in which our supreme court has specifically addressed, or even quoted, section 318 of the Restatement (Second) of Torts. We cannot conclude that our supreme court has adopted— explicitly, implicitly, impliedly, or otherwise—a Restatement section that it has not been called upon to analyze, apply, or adopt. Even the

cases upon which Patricia relies do little more than acknowledge the existence of section 318. *Estate of Johnson* says that sections 315 through 319 describe " 'special relationships' " that form the bases for exceptions to the general rule of section 315. *Estate of Johnson,* 119 Ill. 2d at 503. *Kirk* merely notes that certain types of relationships set out in sections 316 through 319 give rise to a duty to control a third party's conduct, although none of the types applied there. *Kirk,* 117 Ill. 2d at 530. The mere citation to a cluster of sections, or even the analysis of some of the nearby sections, is insufficient to establish the adoption of a restatement section.

The supreme court has addressed more thoroughly and deeply other restatement sections and specifically did *not* adopt them. For example, in a case examining the difference between void and voidable judgments, the supreme court compared its conclusions with those that it would have reached if the criteria of section 12 of the Restatement (Second) of Judgments were applied to the facts of the case. *In re Marriage of Mitchell,* 181 Ill. 2d 169, 176 (1998). The court noted that the result in the case was "consistent with the trend of modern authority" as exemplified by the Restatement (Second) of Judgments. *Mitchell,* 181 Ill. 2d at 175. The court then quoted section 12 of the Restatement (Second) of Judgments and applied the criteria of that section to the facts of the case. *Mitchell,* 181 Ill. 2d at 176. After determining that adopting the view expressed in the Restatement would require a reexamination of existing case-law analysis, the court casually noted that "[t]he parties [did] not ask us to adopt the rule expressed in the Restatement, however, and therefore we need not decide in this case whether to take that step." *Mitchell,* 181 Ill. 2d at 177. In *Mitchell,* the court explicitly declined to adopt a restatement section that it specifically quoted, applied to the facts of the case, analyzed, and compared to existing case law, because the parties did not ask for it. Here, Patricia cannot cite to a case wherein the court even cited to section 318, let alone provided the type of analysis that it did in *dictum* in *Mitchell.* With such meager authority, we cannot find the adoption of a restatement section.

Patricia similarly attempts to find adoption of section 318 in this court's decision in *Duncan v. Rzonca,* 133 Ill. App. 3d 184 (1985). Patricia's specific claim is that the *Duncan* court adopted section 316 of the Restatement and that, since sections 316 through 319 are "uniformly discussed together," there is "simply no logical explanation for why section 316 but not section 318 would be adopted in Illinois." We first note that this court does not have the authority to adopt a restatement section; as we have already stated, a restatement is binding on Illinois courts *only if it is adopted by our supreme court.*

See *Eckburg*, 396 Ill. App. 3d at 169; *Lieberman*, 391 Ill. App. 3d at 890. In the absence of Illinois law, we often deem secondary sources, such as the Restatement (Second) of Torts, to be persuasive.[2] *Eckburg*, 396 Ill. App. 3d at 169. A restatement is a policy statement; this court does not adopt policy, it applies present law to the facts of the case before it. Further, this argument relies on the same fallacy as her prior argument: the "adoption" of a section includes the adoption of other sections "uniformly discussed together." This argument is not only a *non sequitur*, it is irrational as well. *Duncan* does not support Patricia's cause.

The restatement that we adopt today is that our supreme court has not adopted section 318 of the Restatement (Second) of Torts. Therefore, count II of Patricia's third-amended complaint, interpreted in the light most favorable to her, fails to allege a duty recognized by our supreme court and fails to set forth a cause of action on which relief may be granted. The trial court did not err in granting Spangler's section 2—615 motion to dismiss with prejudice.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

JUSTICE HUDSON, specially concurring:

I agree with much of the majority's analysis in this case as well as the result at which it arrives. However, I would prefer to refrain from making sweeping and unnecessary statements about the authority of this court. It is well established that a court should avoid constitutional

---

[2]"A secondary source is not the law. It's a commentary on the law. A secondary source can be used for three different purposes: it might educate you about the law, it might direct you to the primary law, or it might serve as persuasive authority. Few sources do all three jobs well. The important classes of legal secondary sources include: treatises, periodical articles, legal encyclopedias, ALR Annotations, *Restatements*, and Looseleaf services. ***

* * *

Restatements

The restatements were developed by legal scholars initially to restate the law, and currently to describe what the law should be. In either case, Restatements are very persuasive although they are not very good at describing the law. They can serve as adequate law finders." (Emphasis added.) *Secondary Sources*, Yale Law School, Lillian Goldman Law Library, http://m-library.law.yale.edu/content/secondary-sources.

questions when a case can be decided on other grounds. *In re Detention of Swope*, 213 Ill. 2d 210, 218 (2004); *Beahringer v. Page*, 204 Ill. 2d 363, 370 (2003). The scope of the authority of this court is a constitutional matter. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002).

In this case, the majority rejects plaintiff's contention that this court has adopted section 318 of the Restatement (Second) of Torts, finding plaintiff's argument "irrational." 409 Ill. App. 3d at 994. This finding should resolve this question. The majority, nevertheless, goes on to hold that this court does not have the authority to adopt a section of a Restatement. It is unnecessary to consider whether this court has such authority in light of the majority's holding that nothing this court previously did would constitute an adoption of section 318. As I believe it improper to address the issue of the authority of this court, I do not join this portion of the majority's opinion.